## OSIER vs. HOBBS.

CONTRACT TO PAY: *None implied for gratuitous services.*
Services intended at the time to be gratuitous, cannot afterwards be used to raise an implied contract to pay for them.

<div style="float:right">33 215<br>68 147</div>

APPEAL from *Wooodruff* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.
*B. D. Turner*, for appellant.

EAKIN, J.:

This action was brought before a Justice of the Peace, to recover compensation for care and attention bestowed by the wife of appellee Hobbs, upon the child of appellant. It was taken by appeal to the Circuit Court, and submitted to the Judge sitting as a jury.

The effect of the evidence, as presented in the bill of exceptions, is: that the child, which was feeble and sickly and very young, was given by appellant Ozier's wife to Mrs. Hobbs, to be raised. It seems the mother was then in a dying condition. Mrs. Hobbs took the child and kept it some two years or more, rendering it fair motherly attention. During this period appellant did many acts of neighborly kindness to Hobb's family, sending them provisions, furnishing teams, etc. It affirmatively appears that neither party intended to charge for services, to the child on one hand, or for articles or labor furnished on the other.

Ozier, having learned that the child had been corrected by the son-in-law of Mrs. Hobbs, took it away. She was much

mortified by this, and Ozier afterward told her that he had only taken it temporarily, and meant to return it after her son-in-law left. She made some answer which induced him to believe that she did not desire or urge it, and he never did.

It seems further that Mrs. Hobbs had bought a sewing machines in the expectation that Ozier would pay for it. When the note became due he refused to do so. This, with other reasons, induced Hobbs to sue for the past services of his wife with regard to the child.

The court refused, at the request of appellant, to declare the law to be :

"*First*—If the plaintiff and wife, at the time the child was taken to their house to be raised, and during its continuance there, did not intend to.charge for board and attention rendered to it, he has no cause of action in the case.

"*Second*—If it was understood by and between plaintiff and his wife, and the defendant, during the time the child was at their house, that no charge was to be made against the defendant for board and attention to the child, the plaintiff cannot, afterwards, claim compensation and maintain this action."

The court, instead, made the following declaration :

"Upon the evidence in this case, the defendant is liable to the plaintiff for a reasonable compensation for the care of the infant of said defendant, less the value of the contributions made by the defendant ;" and upon that found for the plaintiff the sum of $50. The court based this finding and conclusion on the ground that defendant permitted the wife of plaintiff to receive his child, an infant, from his (defendant's) wife on her death bed, *under the belief* that the plaintiff's wife was to have the child, and raise and care for it as her own, and permitted her to have the care and charge thereof for two years and six months ; that he made sundry advancements or contributions of provisions, medicines and clothing, amounting

Osier vs. Hobbs.

to $175, towards the support of the child, neither party intending to charge the other for these favors, and that defendant afterwards took the child away, *pretending* that the child was mistreated, and that against the assent of plaintiff.

The general principle is well announced in the instructions asked; that, services intended at the time to be gratuitous, cannot, afterwards, be used to raise an implied contract to pay for them; and this was *the case* made by the paper filed before the Magistrate. It was a simple account against Wm. J. Osier, in favor of Isaac Hobbs, for "board, attention and care" of the child, *at the request* of the defendant, from June 16th, 1872, to August 1st, 1874, $300. According to the findings of the court *in this action*, the declarations of law asked by defendants should have been given, and the judgment should have been in his favor.

There is nothing in the whole case to indicate that plaintiff intended or desired to proceed against the defendant on the ground of his wrongful conduct in taking away the child, in violation of his supposed implied contract (which was found by the court to be a fact) to allow plaintiff's wife to keep and raise the child as her own; nor is there any proof of damages incurred by plaintiff or his wife, on account of the tortious conduct of defendant, resulting from loss of future services. We do not mean to say that the injury to the feelings of the wife, in depriving her of the society of the child, to which she may have become very much attached, and her mortification on account of the unjust censure of her conduct, implied by defendant's pretences, might not have been estimated in the assessment of damages by a jury or a court sitting as such, in an action properly framed for the purpose. We merely mean, that in this action and on the proof there is error in the judgment.

Let the judgment be reversed, and the cause remanded for a new trial.