THE SANDWICH MANUFACTURING COMPANY v. T. H. NICHOLSON.

INCOMPETENT WITNESS—*Error.* It is error for a trial court to permit a witness to testify as to how much wheat an ordinarily good reaper will ordinarily cut in a day until it has been previously shown that the witness is competent to testify with regard to such matter.

*Error from Johnson District Court.*

ACTION brought by *The Sandwich Manufacturing Company* against *Nicholson,* to recover on certain promissory notes. Trial at the November Term, 1883, when the jury found for the defendant. New trial denied, and judgment for costs against the plaintiff company. It brings the case to this court. The opinion states the material facts.

*E. B. Gill,* for plaintiff in error.

*Burris & Little,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: On June 23, 1881, T. H. Nicholson purchased of the Sandwich Manufacturing Company, a corporation, through J. H. Caddy, its agent at Spring Hill, Kansas, a reaper and a binder. The reaper and binder were at Spring Hill at the time, and Nicholson examined them, and then entered into a written contract for their purchase. Under this contract Nicholson took the machines home with him and used them for two or three days in cutting and binding about fifteen acres of his wheat; and then gave his promissory notes to the manufacturing company for the purchase-money, amounting to $240. As to whether he gave two notes of $120 each, or three notes of $80 each, there is a conflict in the evidence. He afterward finished cutting and binding his wheat—about thirty acres; and then took the machines to his house, and in about two or three weeks thereafter took the machines back to Spring Hill and delivered them to Mr. Caddy. There is much conflict in the evidence, and therefore we think it is un-

necessary to give any detailed statement of the facts. Afterward the Sandwich Manufacturing Company sued Nicholson on the notes given for the purchase-money of the machines; but whether these notes were the notes originally given for the machines, or were notes subsequently given in lieu of those originally given, we cannot tell; for the evidence upon the subject is irreconcilably conflicting. The defendant answered, setting forth two defenses: First, that the machines were wholly worthless, and that the notes were therefore given without any consideration; second, that the machines were warranted to be good, but were in fact worthless; and that the plaintiff otherwise failed to perform its part of the contract, and the defendant afterward rescinded the contract and returned the machines to the plaintiff.

The last defense is not well pleaded, but for the purposes of this case we shall consider it sufficiently pleaded. Both of these defenses required that the defendant should show that the machines were not what they should have been or what they were represented to be; and either that they would not do good work, or that they would not do the proper amount thereof within a specified time. For the purpose of showing that they would not do the proper amount of work, the defendant showed about how much wheat these machines would cut and bind in a day; and then his counsel, who was examining him as a witness, asked him the following question: "State, if you know from your own experience or observation, or both, how many acres of wheat were ordinarily cut in a day with an ordinarily good binder." (The parties frequently called this reaper and binder simply a binder.) This question was objected to by the plaintiff upon the ground that it had not been shown that the defendant was competent to testify with regard to this matter; but the objection was overruled and the plaintiff excepted, and the defendant then answered: "About twelve to fifteen acres per day. Some cut more than that."

The defendant's counsel also put the following question to the witness, H. Longsten: "I will ask you to state, if you know, how many acres of ordinary wheat ought to be cut in

a day with an ordinarily good machine?" This question was also objected to by the plaintiff because it had not been shown that the witness was competent as an expert to testify with regard to this matter, but the objection was overruled and the plaintiff excepted. The witness answered: "I think from twelve to fifteen acres is a good day's work with a self-binder." Now it had not been in fact shown that either of these witnesses was competent to testify with regard to this matter. Hence we think the court below erred in permitting the evidence to be introduced. The evidence undoubtedly had weight with the jury, and possibly controlled their verdict.

About the only evidence introduced to show that the reaper itself was not good, was that it did not cut as much wheat as this evidence showed that a good reaper ought to cut. There was also some evidence tending to show that the binder was not good. There are several other questions involved in this case, but probably the case will never again be what it is now, and probably these questions will never again arise; hence we shall not discuss them.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.