THE SANDWICH MANUFACTURING COMPANY v. T. H.
NICHOLSON.

1. MACHINE—*Specific Purpose—Competent Evidence.* Where a machine
is bought for a specific purpose, and the question tried is whether
the machine purchased did or did not do the work for which it was
designed and purchased, and defendant contends that the machine
is worthless, and plaintiff states that it was not properly managed,
evidence tending to show that like machines failed to do good work
in the matter complained of, is competent.

2. INSTRUCTION—*Refusal, Not Reversible Error.* Where an instruction,
correctly stating the law applicable to the case, is refused by the
court, but the jury, in answer to specific questions of fact, find all the
facts against the theory of the instruction refused, *held,* the refusal
of such instruction is not reversible error.

*Error from Johnson District Court.*

TRIAL at the March Term, 1885, and judgment for costs
against the plaintiff company, which brings the case here.
The opinion states the material facts.

*E. B. Gill,* and *J. W. Parker,* for plaintiff in error.

*John T. Burris, John T. Little,* and *Samuel T. Seaton,* for de-
fendant in error.

Opinion by HOLT, C.: Action brought by plaintiff in error
upon two notes of eighty dollars each, given in part payment
of a harvester and binder; judgment in justice's court for
plaintiff; no appearance by defendant; appealed to the dis-
trict court; trial by jury; verdict and judgment for defendant;
motion for new trial overruled; case brought to this court;
reversed, and remanded. (32 Kas. 666.) Another trial had;
verdict for defendant, and various findings of fact found by
the jury, consistent with general verdict; motion for new trial
overruled, and judgment on findings and verdict; plaintiff
brings case here.

Errors complained of: First, admission of incompetent

testimony; second, refusal of an instruction asked by plaintiff. Defendant sets forth as a defense to the notes sued on, that the machine was sold as a good binding reaper; would not do good work, and was worthless for the purpose for which it was sold. Plaintiff contends that the defendant was not competent to operate a combined machine.

The testimony admitted complained of is: William Flanner, a witness for the defendant, was permitted, over the objection of plaintiff, to testify that in the season of 1881, the same year the machine in question was purchased, one Cook, his neighbor, purchased a Sandwich harvester with Travis binder, and he saw it in Cook's field, operated by said Cook. Flanner was a farmer, and had for a long time owned a harvester and had seen those of different styles operated, but had never seen any Sandwich machine work, except the one in Cook's field, and saw that machine at work on two different days. Cook, who operated the machine, was a farmer. He then testified that the machine in Cook's field did not do good work, scattered the grain, and did not bind well. There was further testimony tending to show that the Travis binder was not satisfactory, and in the year 1882 the Sandwich Manufacturing Company took it off its reapers in the market, and put the Appleby binder in its place.

It is claimed there was error in allowing the witness Flanner to give certain testimony about the operating of the machine owned by Cook, because it was such evidence as could only be given by an expert, and the testimony did not show him to be so qualified. It was shown that he was familiar with harvesters and binders generally. It also appeared that Cook, who operated the machine, was a farmer, and that Flanner and other farmers, neighbors of Cook, had met in Cook's field to see how the machine would work. We think there was sufficient evidence to show *prima facie* that Flanner could testify as an expert, and also that the machine was in the hands of parties familiar with farm machinery. A large part of the testimony given by Flanner was such as any witness knowing the facts, not being an expert, might properly testify to. But

plaintiff in error urges with force and some plausibility that as Flanner had never seen the machine Nicholson operated, that he ought not to be allowed to testify that another machine did not do good work, and cites *Craver v. Hornburg*, 26 Kas. 96. In that case the question under consideration was, whether the machine sold defendant, a Randolph header, could do good work; and it was held error for the trial court to permit evidence to go to the jury tending to show that another Randolph header failed to do properly the work for which it was designed. It is not shown that the headers, whose work was sought to be compared, were of the same pattern or series; the record simply shows that it was another machine whose work was sought to be compared, while in this action the witness Flanner was asked if he had seen any of "those machines," referring to the machine in controversy. In the case cited the court says it is nowhere contended that the header was unfit for the purpose for which it was designed; but the claim was that the particular machine was so defective that it would not do the ordinary work of such machines. In this case there was testimony showing that the Travis binder, a part of the combined machine, would not do the work for which it was designed; and the uncontradicted evidence is that the plaintiff in the next year, 1882, took the Travis binder off its machines, and put the Appleby binder in its place.

It was contended that the machine was defective, because the binder was worthless. There was testimony given by different witnesses tending to show that it would not perform the purposes for which it was sold, some of whom had had experience with it and others who had sold it as agents, and the further proof that the plaintiff had supplanted it by another kind of binder. Under the claim of defendant, and the evidence tending to show a defect in the Travis binder, we believe the testimony objected to was competent. In *Lyon v. Martin*, 31 Kas. 411, where the question in controversy was whether the machine was or was not well built and of good material and could do

1. Machine—specific purpose—competent evidence.

the work warranted, or if it failed to do good work, was it or was it not properly handled, the court said:

"Perhaps for the purpose of tending to show that it was properly handled, testimony was admissible that other like machines in the hands of parties familiar with farm machinery, also failed to do the work warranted."

Plaintiff offered instruction No. 6, to wit:

"If the jury find from the evidence that whatever trouble or delay the defendant had with said machine in the harvesting of his said crop of wheat was caused by the unskillfulness and ignorance of the defendant in the running and operating of said machine, and that said machine was a good reaper and binder, and in the hands of a competent man would do good work, then I charge you to find for the plaintiff for the amount of the two notes in suit, with the interest due thereon."

Under the testimony introduced in this case, this instruction ought to have been given, as it presented a proper matter for the consideration of the jury that had not been called to their attention by any other instruction given by the court; and if it were not for the findings of the jury, the refusal of that instruction would be substantial error. The plaintiff submitted among other things the following question to be answered by the jury:

"*Ques. 9:* Was Thomas Nicholson, defendant herein, in the summer of 1881 a competent person to operate a combined reaping machine and Travis binder? *Ans.:* Comparatively so."

Defendant also submitted among other questions the following:

"*Ques. 6.:* Was there a failure of consideration for the notes sued on? *Ans.:* Yes."

"*Ques. 8.:* Would the harvester perform the purposes for which it was sold defendant. *Ans.:* No."

The answer to question number 9 submitted to the jury is neither definite nor satisfactory, but there was no effort made to make it more positive. That finding alone would not cure the error in refusing the instruction above. But the answers given by the jury to ques-

2. Instruction— refusal, not reversible error.

tions Nos. 6 and 8 submitted by defendant, make it immaterial whether the instruction was correct or not. The jury found that the machine would not perform the purposes for which it was sold defendant, and in that view of the case it would not benefit the plaintiff in this case if Nicholson were fully qualified to operate a properly-combined reaping and harvesting machine.

There are other errors complained of in the record, but on examination we do not deem them material.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.