## S. L. STADEL v. ED. STADEL.

ASSUMPSIT — *For Services Rendered* — *Gratuitous Performance.*  In an action to recover for services as a witness, in which it is alleged the services were performed as a mere gratuity, and as an act of brotherly kindness, with the understanding at the time of performance that they were not to be paid for, and at the trial there was evidence introduced tending to establish such a defense, it is substantial error for the court to refuse to give an instruction to the jury embodying the principle of law, that no recovery can be had for services gratuitously performed — there being no reference in any of the instructions given to such an issue.

*Error from Shawnee District Court.*

THE opinion states the case.

*E. F. Hilton,* for plaintiff in error.

Opinion by SIMPSON, C.: This case was originally commenced by the defendant in error against the plaintiff in

error before a justice of the peace, appealed to the district court of Shawnee county, and tried there at the April term, 1887, resulting in a verdict and judgment for the defendant in error. The action was brought to recover witness fees amounting to the sum of $22.80 in a suit the plaintiff in error had pending in the district court against the Citizens' Bank, in which the defendant in error was a witness on behalf of the plaintiff in error. The plaintiff in error, as one of the defenses to the action, claimed that these services as a witness were performed as a brotherly act of kindness, and as a mere gratuity, and were so understood at the time.

Several errors are assigned, but we shall notice but one. The record recites that the plaintiff in error on the trial in the district court introduced testimony tending to show that the witness services rendered and performed by the defendant in error were not to be paid for; that they were performed as a brotherly act of kindness, and as a mere gratuity, and at the time it was understood between them that nothing should be paid therefor; that the defendant in error at the time of performing said witness services, told the plaintiff in error that if he should fail in his suit, that he would not charge him any witness fees; that the plaintiff in error at the time of the rendition of such services, offered to pay the defendant in error for the same, but that he refused to accept any payment therefor. The parties to this action are brothers. The plaintiff in error requested the court to give the following instruction, based upon the testimony as above recited, which request the court refused, and to which refusal the plaintiff in error duly objected and excepted, to wit: "I instruct you that if the plaintiff performed the witness services in question, as a mere gratuity, or as a gift, or mere favor to his brother, that then, and in that case, the plaintiff cannot recover for the same."

This proposed instruction fairly embodies a well-established principle of the law, and as the record contains the statement that there was evidence introduced by the complaining party tending to show a state of facts to which the principle could

be applied, we think the instruction ought substantially to have been given. In the instructions that were given by the trial court to the jury this defense was entirely ignored, and no reference directly or remotely was made to these facts. If the evidence sufficiently established the fact that the services were gratuitously performed, no action could be maintained for them. (*Osier v. Hobbs,* 33 Ark. 215; *Potter v. Carpenter,* 76 N. Y. Ct. App. 157.)

It was a question for the jury to determine whether or not that fact was proved; but the plaintiff in error was entitled to an instruction if the fact was in issue and there was evidence introduced tending to establish it. (*Mfg. Co. v. Nicholson,* 36 Kas. 383.) The refusal to give such instruction is a substantial error that compels a reversal of the judgment. It is recommended that the judgment be reversed, and the cause remanded to the district court, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.