HENRY COLLINS v. F. H. MARTIN *et al.*

COUNTERCLAIM — *Items, Freely Furnished — Charges, Afterthought — No Recovery.* Where a defendant did not intend to charge the plaintiff anything for various items when they were furnished, and so testified, he cannot after an action has been commenced, make charges for them and recover thereon.

*Error from Shawnee District Court.*

ACTION brought before a justice of the peace by *Collins* against *Martin* and another, to recover $100 for work done for defendants, and for hay and other feed furnished their stock. The defendants filed an answer wherein they claimed that plaintiff was indebted to them in the sum of $99.80, as follows:

"To damages on hay contract.........................$50 00
4 bundles of wire...................................   4 00
Abstract of title..................................   9 00
10 tons of hay, burned in stack....................  20 00
15 tons of hay, cut on farm........................  15 00
Lumber used in barn................................   1 80"

And they asked judgment accordingly. Trial on October

18, 1886; judgment for plaintiff and against defendant Martin only, for $39.17, and for costs of suit, taxed at $102.15. The defendant appealed, and in the district court filed an amended answer, containing a general denial, and also a counterclaim against plaintiff, as follows:

| | | |
|---|---:|---:|
| "To damages on hay contract | $50 | 00 |
| 4 bundles of wire | 9 | 00 |
| 10 tons of hay, burned in stack | 20 | 00 |
| 15 tons of hay, cut on farm | 15 | 00 |
| Lumber used in barn | 1 | 80 |
| Corn and millet | 60 | 00 |
| Pasturing colts and calves | 10 | 00 |
| Over-paid cash | 75 | 00 |
| Total | $244 | 80 " |

Trial at the April term, 1887, and verdict for the defendant; new trial denied; judgment for the defendant. The plaintiff *Collins* brings the case here.

*Wm. R. Hazen*, for plaintiff in error.

*Frank Herald*, for defendant in error.

Opinion by HOLT, C.: This action was brought by the plaintiff in error before a justice of the peace, where a trial was had, and a judgment rendered in his favor; upon appeal it was tried in the district court by a jury, and a verdict rendered for defendant, and judgment in his favor for costs. The testimony shows mutual neighborly and friendly dealings for a considerable length of time; afterward their friendly relations were broken, and this action was commenced.

Of the complaints made by the plaintiff we shall notice only one—the refusal to give the following instruction, asked by plaintiff:

"The court instructs you that if you believe from the evidence that Martin did not intend to charge Collins for all or any of the items set forth in his answer till after Collins commenced this suit, then he cannot make such charges after the commencement of this suit."

Abstractly, this instruction correctly enunciates the law. (*Stadel v. Stadel*, 40 Kas. 646.) It is claimed, however, that

that there was no material evidence demanding it.   By an examination of the record we find that the defendant himself, speaking of pasturing the colts and calves of plaintiff, testified as follows:

"Q. Did you intend at that time to charge him anything? A. No, sir; but I did not intend he should charge me for a great many things which I did not get.

"Q. At the time you came back from Massachusetts and found this hay uncut, did you intend to charge him with any of these things that you have here? A. I did not.

"Q. You so testified in the other court? A. That I did not intend to.

"Q. The charges were made since he commenced this suit and commenced this litigation? A. I wanted to get rid of him without any trouble.

"Q. Right square out, is not that so? A. State the question again.

"Q. You never intended to charge him anything you have figured here, until he sued you? A. No, sir, I did not intend to charge him anything; I intended to get rid of him the easiest way I could."

It will be observed that he not only spoke of the item of pasturage, but also embraced in his testimony all items named in his bill of particulars; i. e., "any of these things you have here." Under this evidence, the plaintiff was entitled to the instruction asked, or one similar to it.   None was given by the court touching this phase of the evidence. (*Manufacturing Co. v. Nicholson*, 36 Kas. 383.)

For this error in refusing to give this instruction we recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.