Tennison v. Platt.

---

W. H. TENNISON, *as Administrator of the estate of J. D. Tennison, deceased,* v. ELIZABETH A. PLATT.

ADMINISTRATION — *Assignment of Interest by Heir — Question for Jury.* Where, in an action by an assignee against W. H. T., as administrator, to recover a certain sum alleged to be due one of the heirs of an estate, and such administrator alleges payment to the heir before assignment, and the evidence tends to show that the administrator delivered a check to the claimant for the amount and took her receipt for the sum claimed to be due, and she immediately indorsed such check to W. H. T., individually, *held,* that the court should have submitted the question of payment to the jury under proper instruction.

*Error from Johnson District Court.*

ACTION by *Platt* against *Tennison,* as administrator, to recover her share of an estate administered by the defendant. At the May term, 1889, there was a judgment for plaintiff, and defendant brings the case to this court. Other facts appear in the opinion, filed February 11, 1893.

*H. L. Burgess*, and *John T. Little*, for plaintiff in error:

"It is the duty of the courts to charge the juries upon all the issues involved." *Guthrie v. Merrill*, 4 Kas. 187; *Collins v. Martin*, 43 id. 182; *Stadel v. Stadel*, 40 id. 646, 647, 648. The general charge of the court does not state the law correctly and is grossly misleading, and virtually takes from the consideration of the jury the important fact at issue between plaintiff and defendant. This is an invasion of the province of the jury by the court, for which the verdict should be set aside and a new trial granted. *Wilson v. Fuller*, 9 Kas. 176; *Baughman v. Penn*, 33 id. 505; *Cavender v. Robinson*, 33 id. 626; *Heithecker v. Fitzhugh*, 41 id. 50.

The settlement by Tennison, when made and allowed and approved by the court, is to all intents and purposes a judgment of a court of record. It has never been challenged, nor excepted to, nor changed nor altered by any subsequent settlement, and therefore stands as the judgment of the probate court. Until set aside, it is absolutely binding on all persons interested in said estate and their privies. *Musick v. Beebe*, 17 Kas. 47.

*R. O. Boggess*, for defendant in error:

The making and delivery of a check, and taking a receipt for $1,750, both taken together, unexplained, would only amount to *prima facie* evidence of payment. *Kermeyer v. Newby*, 14 Kas. 164, and authorities cited in note 1; *McCoy v. Hazlett*, 14 id. 430, and note 1; *Shepard v. Allen*, 16 id. 182; *Thompson v. Williams*, 30 id. 114; Dan. Neg. Inst., p. 577, § 1622; *Cole Co. v. Dalmyer*, 101 Mo. 57; 1 Greenl. Ev. (13th ed.), §§ 210, 305.

Opinion by GREEN, C.: This was an action brought by Elizabeth A. Platt, to recover from W. H. Tennison the sum of $1,750. The petition contained two counts. The first charged the indebtedness against the defendant as administrator of the estate of J. D. Tennison, deceased, to Lucy Ten-

nison, widow and heir at law of the decedent, being part of
her distributive share of the estate which had been ordered
paid to her by the probate court of Johnson county, which
indebtedness was alleged to have been assigned to the plain-
tiff. The second count charged the same indebtedness against
the defendant personally. The answer was a general denial,
and the plea of full payment to the widow before the assign-
ment. At the close of the evidence, the court required the
plaintiff to elect upon which count she would rely for a re-
covery, and the plaintiff asked for judgment upon the first
count of the petition, charging the indebtedness against the
defendant as administrator. The defendant then asked the
court to give the following instruction:

"If you find from the evidence that W. H. Tennison, ad-
ministrator, paid Lucy Tennison the $1,750, and afterwards
she repaid said sum to W. H. Tennison, to be returned to her
when she was acquitted of the crime with which she was
charged, then I charge you W. H. Tennison, and not W. H.
Tennison as administrator, would be liable, and you must
find for the defendant."

The court refused the instruction. This is claimed as
error. The record of the probate court of Johnson county
established the fact that an order of distribution was made
on the 23d day of September, 1887, by which the adminis-
trator was directed to pay Lucy Tennison the sum of $1,750.
W. H. Tennison testified that he gave to Lucy Tennison a
check for that amount and took her receipt for the same, on
the 30th day of September following; that she immediately
indorsed and delivered the check to him individually, and he
deposited it to his own credit in the bank the same day. Upon
the question of the execution of the receipt and the delivery
and indorsement of the check, the court instructed the jury
as follows:

"The fact that after the execution of the receipt that has
been offered in evidence and the transfer of the check for
$1,750 from Lucy Tennison to the defendant, that he trans-
ferred moneys which he before had held as administrator and

had credited to his account as administrator — the fact that he transferred those funds to his individual account would n't avoid his liability as administrator. That is, any moneys that were in his hands and were properly due Lucy Tennison as her part of this estate would be due her from the administrator, and she would have a right to recover against him as administrator; and the plaintiff here, under this assignment, would have a right to recover against him as administrator for all those moneys, wherever he might have deposited them in his own name or have them put in his individual account. The only question for you to pass on is, whether or not he held moneys as administrator at the time of the commencement of this suit, in which Lucy Tennison would have been entitled if she had n't made this assignment under which the plaintiff was entitled as the assignee of Lucy Tennison, in this written article set out in the petition and which has been read in evidence."

The pleadings in this case fairly raised the question of payment to Lucy Tennison of said sum of $1,750. The evidence tended to show that she had had delivered to her a check for that amount, which she indorsed and delivered to the defendant below at the same time that she receipted for the amount named. We are of the opinion that this, or a similar instruction, should have been given to the jury.

The defendant in error contends that the making and delivery of a check and the taking a receipt for the sum of $1,750, unexplained, only amounted to *prima facie* evidence of payment. Suppose we admit the correctness of this proposition; still the defendant below would have the right to have the question of payment submitted to the jury. The court did not do this. The instruction the court did give virtually took that question from the jury. The question of payment by the defendant as administrator, and repayment by Lucy Tennison to him individually, of the amount in controversy was a question of fact for the jury, and should have been submitted to them under proper instructions. (*Stadel v. Stadel*, 40 Kas. 646.)

The refusal to give the instruction is such error as requires a reversal of the judgment.

It is recommended that the judgment be reversed, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.