JANE A. MURRAY AND JAMES M. MURRAY v. THE
FIRST NATIONAL BANK, AND THE CITIZENS NA-
TIONAL BANK, OF CONCORDIA, KAN.

No. 226.

1. FINDING OF FACT — *examined and held sufficient.* Where the court found that, "During all the time that James and his mother had worked together, as well some time before the death of the husband and father as after, there had been an understanding be-tween them that said James should receive compensation for what he had done and furnished towards supporting the family and carrying on the farm and property thereon, and this sum as ar-ranged between them amounted at the date of the deed herein-after mentioned, with interest, to something over five thousand dollars," and "In September or October, 1893, the said defend-ant Jane A. Murray, desiring to go to Oklahoma and take Govern-ment land there, and to enable and qualify herself so to do, and so that she should have no other land, and in consideration of all the services her son had done for her, and the amount she had ac-

knowledged to owe him, made said conveyance," and " The value of the land conveyed above incumbrances to be fairly worth thirty-five hundred dollars;" this amounted in substance to a finding that said conveyance was not voluntary, and that it was for a good, valuable and adequate consideration.

2. PRE-EXISTING INDEBTEDNESS — *good consideration for conveyance attacked by grantor's creditors.* A party buying land for an adequate price, in consideration of a *bona fide* indebtness due him from the grantor, takes the same free from any claim or lien for indebtedness not a legal lien on said land at the date of purchase.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed June 16, 1897. *Reversed.*

This was an action brought in the District Court of Cloud County on the sixteenth day of November, 1894, by the defendants in error against the plaintiffs in error, to set aside a certain deed conveying real estate in that county, made by Jane A. Murray, a widow, to James M. Murray, her son, dated September 1, 1893, and recorded in the office of the register of deeds for said county on December 12, 1893. The reason assigned by the plaintiff below is, that the deed was without consideration and was made by Jane A. Murray to defraud creditors, particularly the plaintiffs, to whom she was indebted.

The defendants answered, denying any fraud and alleging the good faith of the sale of said real estate. A jury was waived and the matter was tried by the court. Special findings of fact and conclusions of law were made, and the court rendered judgment for the plaintiffs as to a part of their claims, to which the defendants excepted, bringing the case here for review.

*L. J. Crans,* for plaintiffs in error.

*W. W. Caldwell,* for defendants in error.

458    MURRAY v. FIRST NATIONAL BANK.

N. Dept.            Opinion.   Wells, J.            5 Kan. App.

WELLS, J.    The first error complained of is the admission of certain so-called expert testimony to prove the lack of age of certain writings.    We are inclined to think that this evidence was improperly admitted, but, as the court found that the deed was not fraudulent and that the debt was *bona fide*, the error was immaterial.    *Manufacturing Co. v. Nicholson*, 36 Kan. 383.

The second assignment of error is, that the court received and considered in evidence the alleged statements of the grantor tending to contradict the conveyance.    The brief of the plaintiff in error does not give the full substance of the evidence admitted nor the pages of the record, as required by rule six of this court; however, we find some evidence of the kind complained of, but the record fails to show any objections made or exception saved, and of course we cannot consider the objection now.

The third error complained of is that the court erred in its findings, they being contrary to the evidence and the law.    We think that all the findings of fact are supported by evidence, and if so we cannot hold them erroneous for that reason.

The fourth allegation of error is, that the court erred in finding the deed to James M. Murray was voluntary and not founded on good and sufficient consideration.    It seems to us that this is just what the court did not find, but that it did find the contrary.    The court found :

"During all the time that James and his mother had worked together, as well some time before the death of the husband and father as after, there had been an understanding between them that said James should receive compensation for what he had done and furnished towards supporting the family and carrying on the farm and property thereon, and this sum

Murray v. First National Bank. 459

June 16, 1897.        Opinion.   Wells, J.                C. Div.

as arranged between them amounted, at the date of
the deed hereinafter mentioned, with interest to some-
thing over five thousand dollars.''

''In September or October, 1893, the said defend-
ant Jane A. Murray, desiring to go to Oklahoma and
take Government land there and qualify herself so to
do, and so that she should have no other land, and in
consideration of all the services her son had done for
her, and the money he had paid for her, and the
amount she had acknowledged to owe him, made said
conveyance.''

It seems to us that this was a finding of a consider-
ation, as claimed by the defendant, and the fact that
the court further found that a part of the reason for
making the deed was to qualify herself to take a home-
stead in Oklahoma, does not in any way discredit the
good faith of the transaction.   She had a perfect
right to pay her debts with the land she then owned,
and go to the Territory and endeavor to get another
home.   Counsel speaks of this as an attempted fraud
upon the Government, but from the findings of the
court we fail to see that it was such.   There was no
inadequacy either, as the court found the value of the
land conveyed above incumbrances to be fairly worth
thirty-five hundred dollars.

The substance of the other allegations of error is
that the court erred in its conclusions of law, and this
is the serious question in the case.

The court made mention two or three times in its
findings in relation to the homestead of the son.   It
seems to us that this, as well as the mother's attempt
to get a homestead in Oklahoma, were clearly irrele-
vant and should not have been allowed to encumber
the record.   The fact that the father had taken a tree
claim, and, on account of the failure of the timber or
for any other reason, feared a contest, and, when in
danger of losing it, preferred to let his son have it to

seeing it go to a stranger, is no evidence of indebtedness or other obligation; and the fact that the son allowed the family to make it their home for many years, denotes only filial affection and duty.

The writer of this opinion has concluded that if it were his duty to determine what the law should be, he would decide, that, where members of the same family live together, and sustain confidential relations to each other, and have business relations unknown to the world, one should not be allowed to appropriate a large part of the property of the others to pay a debt known only to themselves, and thus defeat the collection of other debts contracted upon the belief that no such secret existed; but our duty is only to interpret and apply the law as enacted, and in doing so we are bound by the prior decision of our courts of final appellate jurisdiction; and, as our Supreme Court has decided this question, we are unable to reverse it, even if we so desired.

With our construction of the findings of fact in this case, as heretofore given, it is very much like the case of *Tootle, Hosea & Co. v. Coldwell* (30 Kan. 125), and has also a strong resemblance to the case of *Kennedy v. Powell* (34 Kan. 22). In each of these cases the transfer to pay or secure the debt of the relative was sustained.

The reason of the delay in recording the deed was evident, as it was executed after the parties started for Oklahoma and was recorded very soon after they returned, and that fact has no influence on the case as, under our view of the law, the rights of the parties are just the same as they would have been had the deed been executed on the day it was filed for record.

The judgment below will be reversed and judgment entered for the defendant.