[S. F. No. 2804.   Department Two.—June 18, 1903.]

## MARIE ZANE, Respondent, v. LILLIE H. DE ONATIVIA, Appellant.

PROMISSORY NOTE—PAYMENT—OFFSET—EXPENSES OF GUEST.—When it appears that the defendant sued upon a promissory note invited the plaintiff as a guest upon a trip, with the understanding, express or implied, that the defendant would pay all of plaintiff's expenses upon such trip, the defendant cannot charge such expenses as a payment upon, or as an offset to, the promissory note made and delivered by the defendant to the plaintiff.

ID.—EVIDENCE—CROSS-EXAMINATION OF DEFENDANT—TREATMENT AS GUEST.—It was proper to allow the plaintiff to prove, upon cross-examination of the defendant, at various times and places prior and up to the time of the trip in question, the defendant, at various hotels, treated the plaintiff as a guest, and paid all of the hotel bills and expenses of plaintiff as such guest.

ID.—DISCRETION OF COURT.—In cross-examination, the trial judge is vested with much discretion, and this court will not interfere, unless such discretion has been abused.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion.

Pringle & Pringle, for Appellant.

Alexander D. Keyes, for Respondent.

COOPER, C.—This is an appeal from a judgment taken more than sixty days from the entry thereof.   The only point

urged as ground for reversal is, that the court erred in over-
ruling certain objections of defendant's counsel to questions
asked by plaintiff's counsel of defendant in her cross-examina-
tion. The action was brought to recover upon a promissory
note made and delivered by defendant to plaintiff. The de-
fendant pleaded payment. The evidence offered in support
of such plea was, that shortly after the execution of the note,
the plaintiff accompanied defendant on a European trip,
traveling from place to place abroad with her from early in
June, 1897, until May, 1898. That defendant on the trip paid
the traveling expenses, hotel bills, and other expenses of
plaintiff, which amounted to more than the principal and
interest due upon the note. There is no issue as to the fact
that plaintiff did take said trip with defendant, and that
defendant paid her expenses and hotel bills, amounting to
more than the amount due upon the note. The plaintiff con-
tended, and the court found, that she took the trip as the
guest of the defendant, and with the understanding that de-
fendant was to pay all her expenses. The main issue, then,
before the trial court was as to the truth of these contentions.
If defendant invited the plaintiff as her guest to accompany
her on the trip, with the understanding, either express or
implied, that defendant would pay all her expenses, the de-
fendant cannot now charge plaintiff with such expenses as an
offset to the note. The court below had to determine this issue
of fact from the evidence. The court, during the cross-exam-
ination of the defendant, overruled several objections of her
counsel to questions asked of her by plaintiff's counsel. The
questions were asked for the purpose of showing—and the
answers of defendant did show—that at various times, and in
fact for the most of the time between May, 1896, and March,
1897, up to the time of the departure for Europe, the plaintiff
was the guest of defendant at the Hotel Del Monte, Hotel San
Rafael, Howell Mountain, and other places, and that defend-
ant paid all the hotel bills and expenses of plaintiff at these
times. In cross-examination the trial judge is vested with
much discretion, and it is only in cases where such discretion
is abused that this court will interfere. (*Sandell* v. *Sherman,*
107 Cal. 391; *Grimbley* v. *Harrold,* 125 Cal. 24.[1]) The evi-

[1] 73 Am. St. Rep. 19.

dence tended to exhibit the relative situation of the parties towards each other, their friendly relation, and the circumstances surrounding them, at the time and immediately prior to the time they started on their tour. Defendant claims that, although she obtained the plaintiff's money—all she had—and gave her note for it, that, as a matter of fact, it was only in her hands, as plaintiff's banker, for the purpose of defraying the plaintiff's traveling expenses. If plaintiff at the time was, and many times before had been, the guest of defendant, it seems much more probable that she was such guest on the trip abroad. If defendant had on prior occasions invited plaintiff to expensive hotels and paid all bills for her, it renders the probability much greater that she contemplated doing so during the time in controversy. It shows the relations and friendship that existed between the parties. It certainly was competent on plaintiff's theory to prove that she and defendant were friends of long standing. It is much more probable that defendant would have offered to pay the expenses of a friend as a companion to her on her journeys than if plaintiff had been a stranger. The question was to determine the intent and understanding of the parties. It is much like a question that often arises in courts as to whether or not services performed by a relative or friend while living as a member of the family are to be paid for. We understand the rule in such cases is to allow the relation of the parties, the conduct, the treatment while in the family, and the fact that similar services have been performed without compensation to be given in evidence. The eye of the judge is directed to the mirror that reflects and throws light upon each act and circumstance, while with his ear he listens to each one's tale of woe. While the evidence was not strictly relevant to the fact in issue, it was relevant to the facts which were relevant to the fact in issue. It was for the purpose of showing facts which illustrated and rendered more probable the plaintiff's theory as to the fact in issue. Defendant testified that she was very much in debt at the time she borrowed the money; that plaintiff said to her: "I will put it in your hands as an investment." The defendant, notwithstanding this statement, was allowed to testify to the amount of traveling expenses and hotel expenses incurred by her for plaintiff, in order to show

that plaintiff was indebted to her. The plaintiff was properly allowed to show that defendant, on many other occasions, had invited plaintiff to visit her, and had paid her hotel bills and traveling expenses. In *Grimbley* v. *Harrold*, 125 Cal. 24,[1] the plaintiff proved a contract with her uncle, by the terms of which she was to pay all dues and assessments, and that she should be the beneficiary of a certificate of life insurance in a society called the Ancient Order of United Workmen. The plaintiff was allowed, under defendant's objection, to prove that she bestowed care on her uncle during his last illness. The court held the evidence competent, and said: "But the evidence tended to exhibit the relative situation of the parties toward each other, and hence to make more probable the matter which was averred." In a case where a person had dealings with the cashier of a bank, and the issue was whether such dealings were had with him in his individual or his official capacity, evidence of prior similar dealings was held admissible. (*L'Herbette* v. *Pittsfield National Bank*, 162 Mass. 137.[2]) In *Turner* v. *Luning*, 105 Cal. 124, plaintiff claimed the right to recover upon a promissory note for fifteen hundred dollars which he had bought for three hundred dollars. Defendant denied that he sold the note to plaintiff, or that he received three hundred dollars, or any other sum of money for it. Evidence was held competent to prove that defendant had sold other notes about the same time at a great discount.

It follows that the judgment must be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Henshaw, J., Lorigan, J.

---

[1] 73 Am. St. Rep. 19.        [2] 44 Am. St. Rep. 354.