THE KANSAS CRUDE OIL AND GAS COMPANY, *Appellee,* v. THE KANSAS AND TEXAS OIL, GAS AND PIPE-LINE COMPANY, *Appellant.*

No. 17,071.

SYLLABUS BY THE COURT.

COUNTERCLAIM — *Gratuitous Service* — *No Recovery.* When a service is performed or use given by one party to another with the intention that no charge shall be made or compensation paid therefor and it is accepted on that theory, the party can not subsequently, upon changing his mind, recover for such service or use, and it is further held that the facts and circumstances of the present case warranted the court in instructing the jury upon this rule of law.

Appeal from Neosho district court.     Opinion filed
May 6, 1911.     Affirmed.

*H. P. Farrelly,* and *T. R. Evans,* for the appellant.
*John J. Jones,* and *James W. Reid,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This was an action by the Kansas
Crude Oil and Gas Company to recover $235.71 alleged
to be due from The Kansas and Texas Oil, Gas and Pipe-
line Company, in which the plaintiff prevailed.   The
defendant appeals, and bases its claim of reversal upon
an instruction given by the trial court.

It appears that in 1907 appellee was supplying and
selling gas to consumers, and appellant desired to pur-
chase gas from appellee but its main line did not reach
appellant's plant, being about four thousand feet away,
and as appellant was in a hurry to obtain gas it laid a
pipe line two thousand feet long which connected with
a branch line two thousand feet in length built by ap-
pellee, and through these pipes gas was delivered to
appellant for a time at a flat rate.   The manager of
appellant testified that under this first agreement there
may have been a stipulation requiring appellant to
make the connection with appellee's system.   Later an
agreement was made that gas should be furnished at
a meter rate and a meter was installed at appellant's
end of its pipe line so that the gas which it took passed
through its own pipes before it was measured.   Some
time after the meter was placed appellee connected an
auxiliary line with that of appellant through which
gas was transported to other consumers.   Monthly
settlements were made between the companies until
about June, 1909, when a dispute arose as to the state
of their account and an agreement was made to arbi-
trate the matter and to abide the decision of the arbi-
trators.   The arbitration was had, and the decision
was that appellant was indebted to appellee in the sum

of $231.17. Payment was refused and appellee brought this action to recover the amount of the award, when the appellant set up a claim for the use of its pipe line. On the trial it appeared that nothing was said before or during the arbitration of any claim of rental for the pipe line and that, although there had been numerous settlements between the parties for gas purchased, no charge had been made or bill presented for the use of the pipe line. The manager testified that he had always intended to make a charge but that he did not present a bill because the transaction was continuous and had not ended. In its charge the court instructed the jury that:

"Should you believe from the evidence in this case that at the time of the arbitration between the plaintiff and the defendant herein that the defendant did not intend to make any charge for the use of its pipe line, then and in that event you should allow it nothing by way of set-off in this case."

The correctness of this instruction is the only question presented for determination.

Ordinarily when valuable services are rendered or the use of property furnished by one person to another, which are voluntarily accepted, and there is no express agreement as to compensation, the law implies a promise to pay a reasonable compensation for such services or use. On the other hand, if the services are performed or use furnished with the intention that no charge shall be made for them and if they are accepted in reliance upon such intention, the first party can not subsequently, upon changing his mind, recover for them. Where something is contributed by one and accepted by another as a gratuity or some service is rendered wholly as an act of friendship and mutual accommodation, no recovery can be had therefor as on an implied contract. This rule was applied in *Collins v. Martin*, 43 Kan. 182, where certain things were furnished by one neighbor to another with no intention to

charge for them and afterward, when friendly relations
were broken, an effort was made to obtain credit and
compensation for them.   The court held that articles
furnished under those circumstances created no lia-
bility, and *Stadel v. Stadel,* 40 Kan. 646, *Potter et al. v.
Carpenter et al.,* 76 N. Y. 157, and *Osier v. Hobbs,* 33
Ark. 215, were cited as authorities.   It is contended
that the rule of *Collins v. Martin,* supra, does not ap-
ply here because that case was predicated on the fact
that there was no intention to charge for the things at
the time they were furnished while here the court ex-
tended the rule and allowed the liability to be deter-
mined upon the intention of the parties at the time of
the arbitration.   That fact does not change the rule.
The use of the pipe line had continued until that time
and the contract between the parties in relation to
supplying gas had not yet terminated.   While there
was a conflict of testimony as to the intention of ap-
pellant, the facts brought out in the case warranted the
giving of the instruction.   The admission that in the
beginning there may have been a stipulation that ap-
pellant would build and make the connection, the pro-
vision in the written contract that gas was to be de-
livered to appellant near to appellee's main line and
that appellant's plant was about three-fourths of a mile
away, and that to transport gas this distance from the
main line it was taken through two thousand feet of
pipe line built by appellee and an equal length of
pipe line built by appellant, the further fact that no
bill was presented nor claim made for the pipes leading
from the main line at any of the monthly settlements,
and that when a dispute arose between the parties as
to what was due from appellant to appellee the claim
was not mentioned, and also that it was not presented
for the consideration of the arbitrators, and, added to
these, the testimony in behalf of appellee that no charge
was contemplated, all together furnished a sufficient

basis for the instruction that the court gave. Other instructions, of which no complaint is made, stated the rule of implied liability based upon other circumstances. The judgment is affirmed.