## CADLE v. BLACK.

(No. 811; Decided February 14th, 1916; 154 Pac. 997.)

ATTORNEY AND CLIENT — ACTION FOR COMPENSATION — GRATUITOUS SERVICES—IMPLIED PROMISE TO PAY—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS.

1. Where the only question in an action by an attorney to recover for services is whether the services were rendered gratuitously, or under circumstances from which a promise to pay might be implied, and the evidence on the point is conflicting, but sufficient to sustain the verdict, it will not be disturbed.

2. On the trial of an issue as to whether plaintiff performed services for defendant gratuitously, or under circumstances implying a promise to pay therefor, an instruction that plaintiff was not bound by his statements to a third person regarding his services, as it was not shown that such third person was authorized to employ plaintiff, but that plaintiff stated to such person that his services would be gratuitous, intending such statement to be communicated to defendant, who accepted the services with that understanding, defendant might rely on plaintiff's statement as if made to her personally; *held* proper under the evidence.

3. Where plaintiff, an attorney, offered his services to defendant without charge, and they were accepted by the defendant upon that understanding, plaintiff was not entitled to recovery, as that which is offered and accepted as a

gratuity cannot afterward be converted into a debt, or a
ground for recovery on an implied promise to pay.

4. In an action by an attorney to recover for services, a re-
quested instruction that plaintiff would not be bound by
any statements as to his compensation made to a third
party acting in the interest of the defendant, was properly
refused as misleading if not an invasion of the province
of the jury. The jury might have understood from it
that, in the absence of a showing of an express agree-
ment between plaintiff and defendant, plaintiff would be
entitled to recovery, notwithstanding what the evidence
might show, or what might be gathered from it, as to the
intention or understanding of the parties.

ERROR to the District Court, Sheridan County; HON.
CARROLL H. PARMELEE, Judge.

Action by S. P. Cadle against Maggie Black to recover
for services. From a judgment for defendant, plaintiff
brings error. The facts are stated in the opinion.

*S. P. Cadle* and *F. W. Byrd,* for plaintiff in error.

Instruction No. 3, given over the objection of plaintiff,
was erroneous, as the circumstances shown by the evidence
implied a promise to pay for the services. In instructing
the jury the court should avoid the use of technical terms.
Where one performed services for another at his request,
or with his knowledge, the law implied a contract on the
part of the person receiving the benefit to pay compensation
therefor. (Hall v. Hall, 44 N. H. 293, 296; Patterson v.
Fleenor, 89 S. W. 705; Hood v. Ware, 34 Ga. 328; Cooper
v. Hamilton, 52 Ill. 119; Pittsburg Railroad Co. v. Wooley,
75 Ky. 451; Ames v. Potter, 7 R. I. 265; Ector v. Wig-
gins, 30 Tex. 55.) Instruction No. 3 is in conflict with in-
struction No. 1. Instruction No. 4 was erroneous in as-
suming an issue of fact not in the evidence. Instruction
No. 5 was erroneous in that the word "understanding" is
too indefinite. Instruction No. 6 is erroneous, as it assumes
facts not in the evidence. Instruction No. 8 is entirely out-
side of the pleadings and evidence. Defendant did not un-
derstand that the services would be performed gratuitously

for the reason that it was shown that she asked plaintiff how much she owed him after the work was completed. The court erred in refusing to give defendant's instruction No. B. It was not shown that witness, Stephenson, had authority to bind defendant.

*D. L. Gogerty & McNally,* for defendant in error.

Plaintiff in error expressly agreed to perform the services gratuitously and after performance requested reimbursement for advances and expenditures made by him in connection with the estate and again refused to accept anything for his services. After defendant's departure for California he wrote her a letter demanding $100.00 for his compensation and later brought this action to recover $200.00 for such compensation. Where services are performed with an intention that no charge shall be made and accepted upon a reliance of such intention, the first party cannot subsequently upon changing his mind recover for them. (Kansas Crude Oil & Gas. Co. v. Kansas T. Oil & Pipe Line Co., 115 Pac. 398; 40 Cyc. 2806.) Where services are performed with the understanding that they are to be gratuitous, there is no legal presumption of a promise to pay therefor. (40 Cyc. 2812; Hecker v. Baker, 127 Pac. 654.)

POTTER, CHIEF JUSTICE.

This case is here on error for the review of a judgment rendered against the plaintiff in error for costs, upon the verdict of a jury, in an action brought by him to recover the sum of $200, alleged to be due for services as an attorney at law in probating the will of the deceased husband of the defendant in error, and procuring an order vesting the property of the estate in her as the sole legatee and executrix. The only question in the case upon the evidence was whether the services had been rendered gratuitously or under circumstances from which a promise to pay might be implied. Upon that point the evidence was conflicting, and we think it sufficient to sustain the verdict.

The plaintiff testified in substance that he and Mr. Black, the decedent, had been neighbors and very good friends, and that Mrs. Black was a friend of his wife. That a Mr. Stephenson came into his office and said that they were going to probate the will and "we have no attorney, and I wanted to ask you a question as a friend of Dick's"; to which he, the plaintiff, then replied that anything he could do he would be glad to do. That Stephenson asked his advice about paying one Smith some money that he claimed to have loaned to Mr. Black, and after advising him about that matter, Stephenson said: "I just wanted to ask your opinion about it; we are going to probate the will today and we have no attorney." That the plaintiff then told him that he was going up to the court house in a few minutes and if he could be of any assistance in examining the witnesses he would examine them for Mrs. Black and would not charge her anything, the plaintiff then supposing that the witnesses would be present. That Stephenson then said that the proof was all made, but if anything was needed later he would let him know. That in about a half an hour he returned to plaintiff's office and informed him that they could not prove the will, because the court would not accept the proof, but he did not know what was the matter, and he asked the plaintiff to go to the court house and see what the trouble was and what was necessary to be done, and that he would see that Mrs. Black would pay him. That he went to the court house, found that the will had been executed in Iowa, and that the only proof was an affidavit of an attorney in Iowa, who was one of the witnesses to the will. That he told the clerk that the will could not be proved in that way, and that there would have to be new proceedings. That he then filed a petition or application for the appointment of a commissioner to take the depositions of the witnesses to the will, readvertised the matter for hearing, had depositions taken and subsequently accepted by the court and the will probated, and also procured the necessary orders and prepared the necessary papers to vest

the property in the defendant: That after the court had accepted the testimony and ordered the will probated the defendant met him in the clerk's office and said that she wanted to pay him for his trouble in the matter, and that he told her not to worry about it, that they were not through yet, and when they were through she could settle with him. That shortly thereafter, without paying him, the defendant went to California, and thereupon he sent her a bill for his services, which she refused to pay. On rebuttal the plaintiff testified that he had not seen the defendant after her husband died until the will was probated; that he had no agreement with her about his services, and had no conversation with anybody about them except as he had previously stated; that Mr. Stephenson came into his office and said they couldn't prove the will "in that way, or something to that effect," and told him, the plaintiff, to "go up and do what was necessary to be done;" and that he did not think anything was said then about any pay.

John R. Stephenson, the person referred to by the plaintiff in his testimony as having asked his advice about a claim against the Black estate and requested his services in probating the will, was the principal witness for the defendant. He testified that he had no recollection of a conversation with the plaintiff about the Smith claim or a statement by the plaintiff that he was going to the court house and would examine the witnesses to the will, and that he did not believe any such conversation occurred, but that plaintiff had voluntarily offered his services without charge, and for that reason was called to assist in the matter when the services of an attorney were found to be necessary, his testimony respecting that matter being substantially as follows: That Mr. Black before his death had told him that he had made a will and where it had been left and requested that he do what he could to help Mrs. Black, in case of his death, and said to him that he did not think there would be any trouble about the will or that she would need an attorney. That after Mr. Black's

death he told Mrs. Black that the will was in Iowa and she went there and got it and had it sent to the clerk of the court at Sheridan. That a day or two before the date set for the hearing on the application to probate the will he met the plaintiff on the street and the latter asked him if Mrs. Black had an attorney to probate the will, that he, the witness, replied that he did not think she needed an attorney, and that the plaintiff then said that if she did need one he would like to do the work for her because he and Mr. Black were friends, and it would not cost a cent, that he would like to do it for her free of charge; that he said to the plaintiff he would see Mrs. Black and if she thought she needed an attorney he would speak to her about it. That afterwards the witness, his wife and Mrs. Black went to the court house to probate the will before the District Judge when it was found that the affidavit of a witness sent with the will was insufficient, and the Judge required a deposition and told them that they had better get an attorney. That he said to the Judge that Mr. Cadle had offered to do the work free of charge and asked if he would do, and that the judge said he would answer the purpose. That they then left the court house, and he, the witness, met the plaintiff on the street and told him that it was necessary to get a deposition to prove the will, and that Mrs. Black had said that the plaintiff might do the work for her. That they then went to the court house and the papers were prepared for the deposition. That after the will was probated they went into the clerk's office to fix up the bond and other papers and Mrs. Black then asked the plaintiff, in the presence of the witness and his wife and the clerk of the court, what she owed him, and the plaintiff replied that all she owed him was the money he was out for expenses. That Mrs. Black then told him that Mr. Stephenson would pay him the money that he was out. That on the next day he went to the plaintiff's office and gave him a check for the amount of the expenses and said to him that Mrs. Black wanted to thank

him for his services, to which he replied that she was wel-
come. That when he gave him the check the plaintiff said
nothing about anything due him for his services, except
that when the witness thanked him for Mrs. Black he said
that she was welcome. Mrs. Stephenson and Mrs. Black
each testified, the latter by deposition, as to the conversa-
tion in the clerk's office, and that when the defendant
asked the plaintiff what she owed him the latter replied
that she owed him nothing except the expenses he had
paid, whereupon she told him that Mr. Stephenson would
settle with him for that; Mrs. Stephenson also stating in
her testimony that Mrs. Black then thanked the plaintiff
very kindly for what he had done for her. And in her
deposition Mrs. Black testified that she did not employ the
defendant or request him to act as her attorney.

The above is the substance of all the evidence explain-
ing the circumstances under which plaintiff's services were
performed. Thus it appears that he was not employed or
requested by the defendant to perform the services, unless
what was said to him by Stephenson amounted to such an
employment or request, and she would be liable only on
the theory that she accepted the services under circum-
stances from which a promise to pay therefor would be
implied. And that is the ground upon which the plaintiff
bases his right to recover, for it is contended in his brief
that the evidence fails to show that Stephenson was the
defendant's agent, or authorized to bind either party to
the controversy, and on the trial he requested an instruc-
tion that the plaintiff was not bound by statements made
by him to Stephenson, since it was not shown by the evi-
dence that the latter was authorized to employ the plain-
tiff; and the court so instructed the jury, but added in
substance that if the plaintiff stated to Stephenson that he
would do the legal work incident to the settling of the
Black estate gratuitously, intending such statement to be
communicated to Mrs. Black, and it was so communicated,
and she accepted plaintiff's services with the understanding

that they were voluntary and gratuitous, she might then rely. on plaintiff's statement the same as if made to her personally. Plaintiff excepted to the instruction as given, but, with reference to his conversation with Stephenson, the instruction was certainly as favorable to the plaintiff as he was entitled to under the evidence. While there was no direct showing that any such statement was communicated to the defendant, it might be inferred from the fact of her presence in court with Mr. Stephenson at the time of the first hearing, when Stephenson, as he testified, informed the judge that the plaintiff had volunteered to do the work free of charge, if not from her apparant acceptance of the friendly assistance of Mr.. Stephenson in the matter of probating the will. At the request of the plaintiff the court also instructed the jury that the plaintiff would not be bound by any statement made after the services were rendered to the effect that he would make no charge therefor. But that did not prevent the jury from considering any such statement they believed to have been made, in connection with the other evidence, in determining what plaintiff's original intention or expectation was as to charging for the services, or whether or not they were offered and rendered gratuitously.

The legal principles to be applied are elementary. If the plaintiff offered his services free of charge, as Stephenson testified, and they were accepted upon that understanding, he was not entitled to recover. That the jury believed the testimony to that effect is shown by the verdict, and in the face of the conflicting evidence on the subject the verdict ought not to be disturbed, there being sufficient evidence to sustain it. "That which is offered and accepted as a gratuity cannot afterwards be converted into a debt." (Addison on Contracts, 11th Ed., 453.) "If a party agrees to do work and receive no pay, he cannot recover pay, if he do the work." (2 Parsons on Contracts, 5th Ed., 54.) In Chitty on Contracts (p. 591) it is said: "Nor can an action be maintained for services performed

upon an understanding that the plaintiff was to make no charge." And in Cyclopedia of Law and Procedure: "Where services are rendered with the understanding that they are to be gratuitous, the law does not imply a promise to pay therefor." (40 Cyc. 2812.) In Hyde v. Honiter, 175 Mo. App. 583, 158 S. W. 83, the court say: "Where a party voluntarily does an act, or renders services, and there was no intention at the time that he should charge therefor, or understanding that the other should pay, he will not be permitted to recover, for that which was intended originally as a gratuity cannot be subsequently converted into a charge." See also Wood v. Lewis, 183 Mo. App. 553, 568, 167 S. W. 666; Owen v. Hadley, 186 Mo. App. 1, 8, 171 S. W. 973. In the case of Kansas Crude Oil & Gas Co. v. Kansas & T. Oil, Gas & Pipe Line Co., 84 Kan. 778, 115 Pac. 398, the court, in the opinion by Johnston, Chief Justice, said: "Ordinarily, when valuable services are rendered or the use of property furnished by one person to another, which are voluntarily accepted, and there is no express agreement as to compensation, the law implies a promise to pay a reasonable compensation for services or use. On the other hand, if the services are performed or use furnished with the intention that no charge shall be made for them and if they are accepted in reliance upon such intention, the first party cannot subsequently, upon changing his mind, recover for them." The general rule is stated in the Virginia case of Briggs v. Barnett, 108 Va. 404, 61 S. E. 797, as follows: "Where one renders service for another at the latter's request, the law, in the absence of an express agreement, implies a promise to pay what the services are reasonably worth, unless it can be inferred from the circumstances that those services were to be rendered without compensation." And where, in an action to recover for services, they appeared to have been rendered without any intent on plaintiff's part to charge for them, if the testimony on the part of the defendant was accepted as true, and the circumstances

justified a finding that the services were gratuitous, a judgment for the defendant was affirmed. (Hecker v. Baker, 19 Cal. App. 667, 127 Pac. 654.) See also Hanrahan v. Baxter, (Ia.) 116 N. W. 595, 16 L. R. A. (N. S.) 1046. In Kiser v. Holladay, 29 Ore. 338, 45 Pac. 759, it is said in the opinion of the court by Judge Wolverton: "As between strangers, the rule seems to be that when one personally performs services for the benefit and with the knowledge and tacit consent of another, the law implies a promise to pay a reasonable compensation. (Citing cases.) But the implication of such a promise may be overcome by evidence of an understanding that no compensation should be made. Where there is such an understanding, the law cannot imply a promise, and the understanding itself may be implied from circumstances." (Citing Moulin v. Columbet, 22 Cal. 510.) It was further said in the opinion: "No recovery can be had for an act done for the benefit of another as a voluntary courtesy, and without his request." And see Zane v. De Onativia, 139 Cal. 328, 73 Pac. 856, a case to the same effect.

Plaintiff in error complains of the instructions given at defendant's request, but, without otherwise referring to them, we deem it sufficient to say that we find them in accord with the principles above stated, and, in view of the testimony of defendant and her witnesses, applicable to the case. The refusal of the court to give a part of the requested instruction embracing the proposition that plaintiff would not be bound by any statements to Stephenson is also complained of. The court was asked thereby to instruct that there was no evidence tending to show that plaintiff and defendant agreed before the services were rendered that no charge would be made. It would have been misleading, if not an invasion of the province of the jury, and was properly refused. The jury might have understood from it that in the absence of a showing of an express agreement between plaintiff and defendant the plaintiff would be entitled to recover, notwithstanding what the

evidence might show, or what might be reasonably inferred from it, as to the intention or understanding of the parties. The judgment will be affirmed.                              *Affirmed.*

BEARD, J. and SCOTT, J., concur.