# Marino, Appellant, v. Hartford Fire Insurance Company.

*Insurance—Fire insurance—Time for suit—Proofs of loss.*

Where a fire insurance company objects to proofs of loss for perfectly valid reasons, which are specifically stated, and the insured furnishes supplemental proofs to meet the objections, a suit is prematurely brought forty-nine days after the supplemental proofs have been furnished, where the policy provides that the loss shall not be payable until sixty days after satisfactory proofs have been received by the company.

Argued Jan. 3, 1910. Appeal, No. 108, Jan. T., 1909, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1906, No. 2,273, for defendant non obstante veredicto in case of Carmini Marino v. Hartford Fire Insurance Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before KINSEY, J.

The facts are stated in the opinion of the Supreme Court.

At the trial the jury returned a verdict for plaintiff for $1,610. The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Joseph S. Goodbread*, with him *J. Joseph Stratton*, for appellant.

*Frank R. Shattuck*, for appellee.

PER CURIAM, February 14, 1910:

This appeal is from a judgment entered for the defendant non obstante veredicto on the ground that the action had been prematurely brought. By the terms of the policy of fire in-

surance on which the action was based, the loss was not payable until sixty days after satisfactory proofs had been received by the defendant.  The fire occurred in February, and a few days thereafter a paper on which was written a list of articles of merchandise, but which was without a heading or signature or any words to indicate what it had reference to, was sent to the defendant's office.  Nothing that could be considered as intended as a proof of loss within the requirements of the policy, was furnished until April 23.  The formal proof then furnished was objected to because of the failure to state therein the purpose for which the building was occupied at the time of the fire, and to attach the certificate of a magistrate as required by the policy, and the specific grounds of objection were clearly stated.  Supplemental proofs were furnished on May 17, and suit was brought forty-nine days thereafter.

The objection to the proof of April 23 was not capricious but was well founded, because of the failure of the plaintiff to comply with the plainly printed conditions of his policy, and there was no waiver.  The justice of the demand for the supplemental proof was recognized by the plaintiff, who did not stand on the first formal proof, and until it was furnished there was not a compliance with the conditions of the policy, and until sixty days thereafter there was no right of action: Commercial Union Assurance Co. v. Hocking, 115 Pa. 407.

The judgment is affirmed.