## ALLEGHENY COUNTY, PA., v. MARY-LAND CASUALTY CO. et al.

### No. 8788.

District Court, W. D. Pennsylvania.

April 10, 1940.

Walter P. Smart, Co. Sol., and Edward G. Bothwell, Asst. Co. Sol., both of Pittsburgh, Pa., for plaintiff.

Rose & Eichenauer and R. A. Applegate, all of Pittsburgh, Pa., for defendant Maryland Casualty Co.

Oliver K. Eaton, of Pittsburgh, Pa., and Duane R. Dills and Jack J. Levinson, both of New York City, for defendant Home Indemnity Co.

McVICAR, District Judge.

This action is before the court now on the first separate defense of The Home Indemnity Company, which avers that the "complaint fails to state a claim against defendant, The Home Indemnity Company, upon which relief can be granted."

Plaintiff, on March 26, 1931, entered into a written contract with the Poole Engineering & Machine Company, whereby said company sold to plaintiff 1,100 voting machines at the price of $1,019 each. The company agreed therein that said machines shall comply with specifications attached thereto and the Pennsylvania Act of Assembly of April 18, 1929, P.L. 549. It was agreed that the County would pay for said machines upon delivery. On the same day said company, as principal, and the Maryland Casualty Company, as surety, executed and delivered to plaintiff a bond in the sum of $200,000 conditioned that the Poole Company would faithfully perform all the obligations required of it under the aforesaid contract. The machines were delivered by the Poole Company, accepted and paid for by the plaintiff.

On December 18, 1931, the Poole Company, as principal, and The Home Indemnity Company, as surety, executed and delivered a bond to plaintiff in the sum of $425,000. In said bond the aforesaid contract of March 26, 1931, and the aforesaid bond in the sum of $200,000 is recited. It is further recited, that the Poole Company brought a mandamus action against the Controller and Treasurer of Allegheny County, and that before the granting of said writ, the Court of Common Pleas of Allegheny County, in which said action was entered, required the execution of a bond in the sum of $425,000. The condition set forth in said bond is: "Now the

Condition of this Bond Is Such, That if the above bounden principal, Poole Engineering & Machine Company shall, on or before April 11th, 1932, well and faithfully do and perform all the duties, obligations and covenants required of it, as provided for in Articles 1 to 10 inclusive in the specifications attached to and made a part of said contract of March 26, 1931, with the said County of Allegheny, and shall make such changes, improvements, alterations and repairs, if any be needed, to the said Eleven Hundred (1100) voting machines delivered to the said County of Allegheny, so that the same shall fully comply with, conform to and meet all the requirements, covenants, obligations and duties mentioned in the said Articles 1 to 10 inclusive of the said specifications to the said contract of March 26, 1931, so that the said Eleven Hundred (1100) voting machines so delivered to the County of Allegheny shall comply in all respects with the said Articles 1 to 10 inclusive of said specifications, and shall comply with the laws of the Commonwealth of Pennsylvania relating to voting machines in so far as such laws relate to or govern said contract, and to the requirements of the Secretary of the Commonwealth of Pennsylvania as referred to by him in a certain certificate issued under his signature and the seal of his office December 3, 1931, as hereinbefore more specifically mentioned, then this obligation shall be void; otherwise to be and remain in full force, virtue and effect."

In the paragraph following the condition, the agreement, which reads as follows, was made: "It is specifically understood and agreed that this bond of indemnity does not include Article 12 of the said specifications, covering service and repair, or any other articles of said specifications other than the said Articles 1 to 10 inclusive hereinbefore referred to, and it is understood and agreed further that this bond of indemnity is supplementary to, in addition to, and in excess of the said bond of the Maryland Casualty Company for Two Hundred Thousand ($200,000.00) Dollars hereinbefore referred to, and that, before recourse shall be had against the surety under this bond of indemnity, recourse must first be had against the said Maryland Casualty Company under its said bond of Two Hundred Thousand Dollars ($200,000.00), and that said bond of the Maryland Casualty Company must first

have been fully paid to the County of Allegheny or judgment in a Court of competent jurisdiction obtained against the said Maryland Casualty Company for the full amount of its bond of Two Hundred Thousand ($200,000.00) Dollars before any action or proceedings can be commenced against the Surety under this bond of indemnity for any of its obligations hereunder."

In the paragraph following the foregoing provision of the bond it is set forth that before any action shall lie against the surety or principal, notice of default in writing must be given to the principal and surety on or before December 18, 1932.

On December 26, 1931, the aforesaid bond was approved by the Court of Common Pleas of Allegheny County.

On March 23, 1937, plaintiff brought an action against the Maryland Casualty Company only, in the Court of Common Pleas of Allegheny County, to recover damages in the sum of $200,000 by reason of breach of the aforesaid bond on which the Casualty Company was a surety. April 13, 1937, on petition of the Maryland Casualty Company, said action was removed to this court. July 28, 1939, plaintiff filed an amended complaint against and naming the Maryland Casualty Company and The Home Indemnity Company as defendants. The first count therein avers plaintiff's cause of action against the Casualty Company; the second count avers its cause of action against the Indemnity Company. The Indemnity Company filed an answer thereto December 21, 1939, which raised, inter alia, the defense above set forth, that the complaint does not set forth a cause of action upon which relief can be granted against said Indemnity Company.

The Indemnity Company contends that plaintiff does not have an action against it, nor can it be joined as a party defendant in this action because the bond of the Maryland Casualty Company has not been fully paid to plaintiff, nor has plaintiff procured a judgment against said Casualty Company for the full amount of said bond; that the performance of these covenants in the bond, on which the Indemnity Company is a surety to plaintiff, is a condition precedent to an action against it or to its joinder in the present action; and that the right conferred in its bond, that the bond of the Casualty Company be fully paid to plaintiff or that a judgment be procured against the Casualty Company for the full

amount of the bond before any action or proceedings can be commenced against the Indemnity Company, is a substantive right.

Plaintiff admits that it has not been paid said $200,000 nor has it procured a judgment against said Casualty Company in said amount.

Plaintiff's position is averred in paragraph (14) of the second count of the complaint and in its prayer for relief as follows:

"Under the provisions of Rule 18(b) and Rule 20(a) of the Federal Rules of Civil Procedure, the claim stated in this Count is properly joinable in this action with the claim stated in the First Count of this Complaint, notwithstanding the provisions of the unperformed 'condition precedent' recited in Paragraph (13) hereof, all substantive rights of defendant being adequately protected by the terms of said Rule 18(b) and by the nature of the relief demanded by plaintiff in this Count.

"Wherefore, plaintiff demands judgment against said The Home Indemnity Company, defendant, in the sum of $425,000 in the event that, and in accordance with the substantive rights of said defendant as set forth in its said bond, Exhibit 'C', plaintiff succeeds in this action in obtaining a judgment against Maryland Casualty Company in the sum of at least $200,000 upon the claim of plaintiff stated in the First Count of this Complaint."

Plaintiff, in its brief, states: "We do concede, as we or any other reasonably minded advocate or tribunal would be bound to concede, that under all of the circumstances disclosed in the premises recited in the bond, the intention and purpose of the Home bond is to make the first $200,000.00 of damages suffered by Allegheny County from a breach by Poole of the 'condition of the bond' recoverable from Maryland Casualty Company under the Maryland bond and not from Home under the Home bond."

Rule 18 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is entitled, "Joinder Of Claims And Remedies."

Rule 18 (a) is entitled "Joinder of Claims."

Rule 18(b) is entitled "Joinder of Remedies; Fraudulent Conveyances." Rule 18 (b) reads as follows: Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."

Rule 20 is entitled "Permissive Joinder Of Parties."

Rule 20(a) is entitled "Permissive Joinder." Rule 20(a) in part, reads: " * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

Rule 20(b) is entitled "Separate Trials." This rule provides: "The court * * * may order separate trials or make other orders to prevent delay or prejudice."

At the oral argument, it was virtually conceded that this action would take four or more weeks in trial; that many witnesses, including experts, would be required, and that a considerable expense would be necessarily incurred in the preparation of this action for trial and in the trial thereof by the Indemnity Company. The statement of these facts discloses that the agreement in the bond of the Indemnity Company, that there must have been paid to plaintiff the sum of $200,000 or that a judgment has been procured by plaintiff against the Casualty Company in said amount before any action or proceedings shall be commenced against the Indemnity Company on account of any of the obligations in said bond, creates a right which is substantive in the Indemnity Company. If a judgment is not procured against the Casualty Company in the full amount of said bond, or the full amount thereof is not paid, then it will not be necessary for the Indemnity Company to incur expense in preparation for trial or in the trial of such an action.

The plaintiff in this action, in joining the Indemnity Company as a party defendant, is endeavoring to do what it expressly agreed with the Indemnity Company in the latter's bond that it could not do. Plaintiff justifies its course under the rules adopted and authorized after the Indemnity bond was given. These rules were not intended to create, nor did they create, causes of

action. If the Indemnity Company bond was simply an excess bond, whereby the Indemnity Company would be liable for damages sustained by plaintiff in excess of $200,000, then this action would be proper against the Indemnity Company; however, the parties to the Indemnity Company's bond went further, and expressly agreed that no action or proceedings against the Indemnity Company could be commenced until the amount of the Casualty Company's bond was paid or judgment procured therefor. The evident purpose of this covenant was to relieve the Indemnity Company of the inconvenience and expense of preparing and trying an action until it had been established in the way agreed upon, that plaintiff had sustained a loss in excess of $200,000.

In Pennsylvania it has been held, where policies of insurance contain a provision that an action will not lie against the Insurance Company until sixty days after notice, that this is a condition precedent to the bringing of action thereon. Marino v. Hartford Fire Insurance Company, 227 Pa. 120, 75 A. 1037; German American Insurance Company v. Hocking, 115 P. 398, 8 A. 586, 588. In the latter case it is stated:

"The loss was not payable for 60 days after such statements were made and furnished to the company, and the contract was accepted expressly subjéct to the performance of these conditions.

"It follows that no suit could be brought until the conditions were complied with, nor for 60 days thereafter, which time the company reserved, after the extent of their liability could be determined from the proofs, either to pay the money, or to give notice of their option to replace the property."

In 1 C.J. 976, it is stated: "Any condition precedent to the right to maintain an action must be performed or complied with, unless it is dispensed with, or prevented by some act of defendant; and the fact of performance or excuse for nonperformance must be alleged and proved in order to warrant a recovery. A condition precedent may be expressly prescribed by statute, or by agreement, or it may be implied from the nature and circumstances of the particular case. A condition may be such that it operates upon the right itself, and its performance constitutes an essential element of the cause of action, * * * or it may be such that it does not prevent the accrual of the right, but operates merely upon the remedy, * * *"

In 17 R.C.L. 755, it is stated: "Where some condition precedent to the right of action exists, whether it be a demand and refusal or some other act or contingency, the cause of action does not accrue * * until that condition is performed."

In 3 Williston on Contracts, Rev.Ed., p. 1927, it is stated: "Any words will create a condition which express, when properly interpreted, the idea that the performance of the promise is dependent on some other event. 'No particular form of words is necessary in order to create an express condition. Whether a promise is expressly conditional, and if so what is the nature of the condition, depend upon interpretation.' Rest., Contracts, Sec. 258. 'For the most part conditions have conditional words in their frontispiece and do begin therewith.' Sheppard's Touchstone, 121."

The Act of June 19, 1934, § 1, 28 U.S.C. A. § 723b, which is the authority for our "Rules of Civil Procedure", provides: " * * * That the Supreme Court of the United States shall have the power to prescribe, by general rules, for the district courts of the United States and for the courts of the District of Columbia, the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant."

In White v. Crawford, 84 Pa. 433, where a provision in a contract waiving stay of execution was held to provide a substantive right which the Legislature could not impair, it is stated: "Whenever the parties have made the legal remedy the subject of their contract, that portion of their contract is as far removed from subsequent legislative action as the main obligation of their contract. Where legislative power is unable to impair the one, it cannot the other."

Plaintiff, in its brief, states: "There can be no argument whatsoever upon the proposition that where the parties to a contract have expressly created a limitation going to and constituting a part of the possible cause of action intended to be created by the contract, such a limitation of the obligation is good and creates a 'right' which may not be destroyed by any subsequent legislation."

In Home Insurance Company v. Dick, 281 U.S. 397, 50 S.Ct. 338, 341, 74 L.Ed.

926, 74 A.L.R. 701, which involved an action on a fire insurance policy which contained a provision limiting action thereon to one year after damages occur, which was in accord with the Mexican law where the policy was issued, an action was brought thereon in Texas after the year limit had expired. A Texas statute provided that the time limit in such policies could not be made less than two years. The Supreme Court, in an opinion by Justice Brandeis, held that the rights of insurers under the above provision in said contract, could not be abridged or affected by the Texas statute, and said, inter alia:

"The Texas statute as here construed and applied deprives the garnishees of property without due process of law.

\*    \*    \*    \*    \*    \*    \*

"When, however, the parties have expressly agreed upon a time limit on their obligation, a statute which invalidates the agreement and directs enforcement of the contract after the time has expired increases their obligation and imposes a burden not contracted for."

█ If a statute or rule is capable of two constructions, one of which would render it constitutional, the other unconstitutional, the constitutional construction should be adopted. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L. Ed. 1143; Blodgett v. Holden, 275 U.S. 142, 148, 276 U.S. 594, 48 S.Ct. 105, 72 L.Ed. 206; Chippewa Indians of Minnesota v. United States, 301 U.S. 358, 376, 57 S.Ct. 826, 81 L.Ed. 1156; and National Labor Relations Board v. Fansteel Corporation, 306 U.S. 240, 265, 59 S.Ct. 490, 83 L.Ed. 627, 123 A.L.R. 599.

In Anniston Mfg. Co. v. Davis, supra, it is stated [301 U.S. 337, 57 S.Ct. 823, 81 L. Ed. 1143]: "We apply the familiar canon which makes it our duty, of two possible constructions, to adopt the one which will save and not destroy. We cannot attribute to Congress an intent to defy the Fifth Amendment or 'even to come so near to doing so as to raise a serious question of constitutional law.'"

This action could not have been brought against the Indemnity Company, nor could it have been joined as a party defendant before the "Rules of Civil Procedure" became effective because there was no authority therefor. Since the "Rules of Civil Procedure" became effective, it could not have been successfully separately sued or joined as a defendant, because the plaintiff did not have a cause of action against it. Such right of action could not arise until plaintiff had been paid the sum of $200,000 or a judgment had been procured in a court of competent jurisdiction against the Casualty Company in that amount.

█ I conclude that under the terms of the Indemnity Company bond to plaintiff, the payment to plaintiff of the sum of $200,000, or the procuring of a judgment against the Casualty Company in that amount, was a condition precedent to a right of action by the plaintiff against the Indemnity Company; that the covenant as to payment, or the procuring of judgment before the bringing of an action or proceedings against the Indemnity Company, vested a valuable substantive right in the Indemnity Company; that the Act of June 19, 1934, authorizing the adoption of the "Rules of Civil Procedure" protected the substantive rights of the Indemnity Company in this action against abridgment or modification; that to deprive the Indemnity Company of the covenant which plaintiff made that it could not bring any action or proceedings against the Indemnity Company until it had been paid the amount of the Casualty Company's bond, or judgment had been procured against the Casualty Company in said amount, would be equivalent to the taking of property without due process of law; that Rules 18(b) and 20(a) of the "Rules of Civil Procedure" can be and should be construed so as not to deprive the Indemnity Company of the aforesaid substantive right; and that the present action against The Home Indemnity Company should be dismissed without prejudice to plaintiff to bring action against the Indemnity Company after plaintiff has been paid the amount of the Casualty Company's bond, or judgment has been procured in said amount against the Casualty Company.

If the conclusion of the court is wrong and the contention of the plaintiff is correct, the result would be practically the same, as the court in the latter event would feel constrained to hold under Rule 20(b) that proceedings in this action as against the Indemnity Company should be postponed until judgment had been procured against the Casualty Company in the full amount of its bond, or the plaintiff had been paid the full amount thereof.

Let an order for judgment be prepared and submitted in accordance with the foregoing opinion.