**HEADRICK v. SMOKY MOUNTAIN STAGES, Inc. et al.**

**Civ. A. No. 1244.**

United States District Court,
E. D. Tennessee, N. D.

Dec. 30, 1950.

Hodges & Doughty, and Roy N. Stansberry, all of Knoxville, Tenn., for plaintiff.

Kramer, McNabb & Greenwood, Knoxville, Tenn., for defendant.

DARR, Chief Judge.

The defendant, Virginia Surety Company, which is sued jointly with its insured, Smoky Mountain Stages, Inc., in a tort action for personal injuries, moves to dismiss on the ground that the complaint fails to state a claim against it upon which relief can be granted.

The Surety Company issued its policy wherein it obligated itself to pay any judgment rendered against its insured within the limits provided, for the negligent operations of the automotive equipment by its insured. The policy was issued pursuant to the statutory requirements of the State of Tennessee, Chapter 119 of the Public Acts of 1933, Williams' Code of Tenn. Sec. 5501.9; and also pursuant to Section 215, as amended, of the Interstate Commerce Act, Motor Carriers, Title 49 U.S.C.A. § 315.

This policy is a Tennessee contract and the cause of action arises from happenings in Tennessee. Therefore the rights of the parties are governed by Tennessee law.

The plaintiff, to justify joining the Surety Company as defendant in its suit against the insured, relies on (1) the provisions of Chapter 729 of the Private Acts of Tennessee of 1925, authorizing such jointure; (2) certain changes in the language of the Public Utilities Act of Tennessee, cited supra; and (3) Rule 18(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

1. The provisions of Chapter 729 of the Private Acts of 1925 are not applicable, because the policy of insurance in this case was written pursuant to and in compliance with the Public Utilites Act of Tennessee and not pursuant to Chapter 729 of the Private Acts of 1925. The latter Act provides for a policy of insurance "payable to the State of Tennessee" for the benefit of the public, while the policy herein is in favor of the Smoky Mountain Stages, Inc., as insured. Moreover Chapter 729 of the Private Acts of 1925 is effective only in counties having a population of 110,000 or more. This Act applies only to causes of action arising from injuries sustained in a county having more than 110,000 population. Western Automobile Casualty Co. v. Burnell, 17 Tenn.App. 687, 71 S.W.2d 474. The only county in the area where the accident occurred which has the qualifying population is Knox County and there is no allegation that the accident occurred in that county. The allegation that the accident occurred "approximately 5 miles

South of the city limits of Knoxville" does not locate it so that the Court can determine that it is within the boundaries of Knox County.

In addition and conclusive within itself, the Private Act, supra, has been superseded as to public carriers such as the defendant bus company, by the Public Acts of Tennessee, placing such carriers under the jurisdiction of the Railroad and Public Utilities Commission of Tennessee. Chapter 119 of the Public Acts of 1933, Williams' Code, § 5501.1 et seq.

■ 2. The plaintiff insists that in the original Act of Tennessee which placed the public bus carriers under the Railroad and Public Utilities Commission, Chapter 58 Public Acts of 1929, such public carriers were required to furnish a bond or policy of insurance "conditioned to pay any judgment rendered against" such carrier as a result of damage from personal injury, etc.; and that the Act of 1933, Chapter 119 of the Public Acts of 1933, which repealed that Act, omitted the phrase "conditioned to pay any judgment", and inserted instead "shall bind the obligors thereunder to make compensation for injury to persons * * *".

This change in language is not sufficient in itself to sustain the claim that a joint action was intended. Had the language been changed to read "to make compensation *to* persons for injuries", etc., it would have been more persuasive. But in any event, had it been the legislative intent to authorize a joint action, it would not have been difficult to so provide.

■ 3. The plaintiff also relies on Rule 18(b) of the Federal Rules of Civil Procedure.

This rule is inapplicable and does not make any provision for the joinder of different parties such as here involved. It relates to the joinder of claims and remedies. Rules 19, 20 and 21 have to do with joinder of parties. To construe Rule 18(b) as requiring the Surety Company to answer jointly with the insured, as attempted in this case would deprive the defendant Surety Company of a substantive right under its contract of insurance, viz., the right to be exempt from payment until its insured's obligation shall have been determined by judgment against the insured after actual trial. Cf. Allegheny County, Pa. v. Maryland Casualty Co., D.C., 32 F.Supp. 297.

■ Supplementing the ruling upon the specific questions raised, the Court further observes. that the defendant's motion to dismiss is based essentially upon the provisions of its policy contract, Condition 11 of which reads:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, not until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the insured's liability."

The policy was furnished in compliance with the provisions of the Public Utilities Act of Tennessee, which requires the approval of the Railroad & Public Utilities Commission of Tennessee, and which policy was approved by the Commission. The Commission is by law authorized to issue regulations covering the supervision of public carrier motor busses in connection with certificates of convenience and necessity which such bus carriers must obtain. Under the rules issued by the Commission, motor carriers must, pursuant to the Public Utilities Act of Tennessee provide and file an insurance policy or bond conditioned to pay within the amount of such policy of insurance or bond, " * * * any final judgment recovered against such motor carrier for bodily injuries, * * *". *Rule 1—Rules and Regulations No. 4, Railroad and Public Utilities Commission of Tennessee,* effective February 15, 1937.

The Rules and Regulations above mentioned also contain forms of policies which are required by the Commission, and Form MC–31 reads in part: "In consideration of the premium stated in the policy to which this endorsement is attached, the company hereby agrees to pay any final judgment recovered against the insured * * *".

The policy involved in this case complies fully with the form required by the Commission. The insurer's obligation thereunder to pay a final judgment when obtained against the insured is in compliance with legal requirements.

The provisions of Condition 11 of the policy, including the condition that "nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability," must be given effect.

The motion to dismiss is sustained and a judgment will be entered accordingly.